1

2

3

4

5

6

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7  DAVID L. COLLINS,                          )
                                             )
8           Plaintiff,                       )        2:10-cv-01458-PMP-LRL
                                             )
9  vs.                                       )
                                             )        **ORDER**
10  PEOPLE OF THE STATE OF NEVADA,           )
                                             )
11                                           )
                                             )
12          Defendant.                       )
   _____ /

13

14         This is a prisoner civil rights action.  Plaintiff has failed to respond to this court's order to submit

15  a complaint on the court-approved forms (docket #3).  As set forth below, even in the absence of a

16  complaint on the proper form, the court must dismiss the complaint with prejudice for failure to state

17  a claim for which relief may be granted.  The court now reviews the complaint.

18  **I.  Screening Standard**

19         Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's

20  claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state

21  a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune

22  from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis

23  either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss

24  a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

25  contentions are clearly baseless.  *Id.* at 327. The critical inquiry is whether a constitutional claim,

26  however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d

639, 640 (9th Cir. 1989).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. Instant Complaint

Plaintiff is incarcerated in Colorado. He styles this action as a "motion for restoration of liberty," identifies himself as "petitioner, third party intervenor," and has named the People of the State of Nevada as defendant. While plaintiff's complaint is difficult to decipher, he appears to allege that "the absence of all legally valid document(s)" resulted in his illegal conviction. However, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

Accordingly, plaintiff's complaint challenging his illegal conviction must be dismissed with prejudice for failure to state a claim for which relief may be granted, as it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED with prejudice** for failure to state a claim for which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to change venue (docket #6) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED:  December 16, 2010.

_____
PHILIP M. PRO
United States District Judge